UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY D. CURRINGTON,

    Petitioner,

v.

RANDEE REWERTS,

    Respondent.

Case No. 2:21-CV-10414
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE: THE MOTION REQUESTING JUDICIAL NOTICE (ECF No. 2), THE MOTION FOR DISCOVERY (ECF No. 3), THE MOTION REQUESTING FUNDS FOR A FORENSIC EXPERT (ECF No. 9), THE MOTION TO AMEND THE MOTION REQUESTING FUNDS (ECF No. 11), AND THE MOTION TO STAY (ECF No. 10), AND DENYING AS MOOT THE MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 4)**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, challenging his state court convictions. Magistrate Judge R. Steven Whalen signed an order requiring a responsive pleading from Respondent by September 6, 2021. (ECF No. 6). Petitioner was granted permission to proceed *in forma pauperis*. (ECF No. 5). Petitioner filed several motions.

Petitioner filed a motion requesting this Court to take judicial notice of the fact that the sexual assault victim in his case was a virgin at the time of the sexual assault. (ECF No. 2). Petitioner separately filed exhibits purporting to be the

1

victim's interview with the police, her preliminary examination and trial testimony, and the sentencing transcript. (ECF No. 7).

Petitioner's motion to take judicial notice of adjudicative facts is premature; The answer has not been filed. Respondent should be given an opportunity to address whether the information provided by Petitioner is reliable, authentic, and relevant to the claims raised in the petition. The motion to take judicial notice is denied as premature. *See Davis v. Davis*, No. 1:20-CV-00475-CWD, 2021 WL 276693, at * 2 (D. Idaho Jan. 27, 2021).

Petitioner filed a motion for discovery. (ECF No. 3).

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d at 460. A further limitation on discovery is the case of *Cullen v. Pinholster*, 563 U.S. 170,

181 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.

Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. Sept. 21, 2007). In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting Petitioner's discovery request at this time would be premature. The motion for discovery is denied without prejudice. *Id.*

Petitioner filed a motion requesting funds for the appointment of an expert to review the DNA evidence. (ECF No. 9). Petitioner filed a motion to amend the request for funds for an appointment of an expert. (ECF No. 11). Petitioner filed a motion to stay the proceedings while the expert reviews the evidence. (ECF No. 10). Petitioner's request for funds for an expert witness is denied without prejudice as premature. The Court will reconsider the request after receiving the

3

answer and the Rule 5 materials. *See Moseley v. French*, 6 F. Supp. 2d 474, 479 (M.D.N.C. 1998). The motion to stay is denied without prejudice.

Petitioner filed a motion to proceed *in forma pauperis*. (ECF No. 4). Petitioner was granted *in forma pauperis* status. The motion is denied as moot. *See e.g. McMillan v. McKune,* 16 F. App'x. 896, 897 (10th Cir. 2001).

## ORDER

**The Court DENIES WITHOUT PREJUDICE** the motion to take judicial notice, (ECF No. 2), the motion for discovery, (ECF No. 3), the motion requesting funds for a forensic expert, (ECF No. 9), the motion to amend the request for funds (ECF No. 11), and the motion to stay. (ECF No. 10). The motion to proceed *in forma pauperis* (ECF No. 4) is **DENIED AS MOOT**.

                                          s/ Victoria A. Roberts
                                          **HON. VICTORIA A. ROBERTS**
**Dated: May 24, 2021**       **UNITED STATES DISTRICT JUDGE**