## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY D. CURRINGTON,

      Petitioner,          Case No. 2:21-CV-10414
                       HONORABLE VICTORIA A. ROBERTS
v.                      UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

      Respondent.

_____/

## OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Larry D. Currington, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions for five counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(e), two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(e), two counts of unlawfully driving away of an automobile, Mich. Comp. Laws § 750.413, two counts of kidnapping, Mich. Comp. Laws § 750.349, two counts of extortion, Mich. Comp. Laws § 750.213, one count of armed robbery, Mich. Comp. Laws § 750.529, one count of assault with intent to do great bodily harm less than murder,

1

Mich. Comp. Laws § 750.84, and one count of felonious assault, Mich. Comp. Laws § 750.82.

Respondent filed an answer to the petition.  As part of the answer, Respondent argues that the petition should be dismissed on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner submitted a reply to the answer.  For the reasons that follow, the petition for a writ of habeas corpus is summarily denied with prejudice pursuant to 28 U.S.C. § 2244 (d)(1).

## I.  BACKGROUND

Petitioner was convicted after a jury trial in the Saginaw County Circuit Court.

Direct review of petitioner's conviction ended in the state courts on April 3, 2018, when the Michigan Supreme Court denied Petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Currington*, 501 Mich. 1037, 909 N.W.2d 247 (2018).

On August 8, 2018, Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice because the petition contained claims which had yet to be exhausted with the state courts. *Currington v. Rewerts*, No. 2:18-CV-12516, 2018 WL 4078404 (E.D. Mich. Aug. 27, 2018).  The United States Court of Appeals for the Sixth Circuit denied Petitioner a certificate of appealability and

2

dismissed the appeal. *Currington v. Rewerts,* No. 18-2136, 2019 WL 1421061 (6th Cir. Jan. 30, 2019).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on April 23, 2019. (See ECF No.16-15, PageID. 646). After the trial court denied Petitioner's motion and the Michigan Court of Appeals denied Petitioner's post-conviction appeal, collateral review of Petitioner's conviction ended on October 27, 2020 when the Michigan Supreme Court denied Petitioner leave to appeal the denial of his post-conviction motion. *People v. Currington*, 506 Mich. 942, 949 N.W.2d 708 (2020).

On February 11, 2021, Petitioner filed his habeas petition with this Court. [1]

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007); *See also Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at * 1–2 (6th Cir. Jan. 8, 2019)(Sixth Circuit denied petitioner's request for a certificate of

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 11, 2021, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

appealability where the district court properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009).  A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

.      The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 3, 2018.  However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day.  Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner's judgment became final on July 2, 2018, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

Petitioner filed his first habeas petition with this Court on August 8, 2018. This petition was dismissed without prejudice on August 27, 2018.  The Sixth Circuit denied Petitioner a certificate of appealability on January 30, 2019.

A petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  The statute of limitations was therefore not statutorily tolled during the 19 days that Petitioner's

5

first habeas petition was pending in the federal court. Nor would it be statutorily tolled during the time that Petitioner sought a certificate of appealability with the Sixth Circuit. *See e.g. Hackney v. Woods*, No. 2:13-CV-370, 2014 WL 3698151, at *1 (W.D. Mich. July 25, 2014).

Petitioner filed his post-conviction motion for relief from judgment with the state trial court on April 23, 2019, after 295 days elapsed under the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case on October 27, 2020, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999). Unlike on direct review, the limitations period would not be tolled further under § 2244(d)(2) during the time during which petitioner could seek certiorari review of the denial of his state post-conviction motion. *See Lawrence v. Florida,* 549 U.S. 327, 329 (2007). Petitioner had seventy

6

five days remaining under the limitations period after his state post-conviction proceedings ended on October 27, 2020, or until January 5, 2021, to timely file his habeas petition. Petitioner's habeas petition is untimely because it was not filed until February 11, 2021.

Petitioner in his reply claims that the respondent erred in his calculation of the limitations period. Petitioner is incorrect; respondent correctly calculated the limitations period.

Petitioner also argues the merits of his claims in the reply; a merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one year limitations period; he failed to argue or show that the facts of case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The Court recognizes that the petitioner previously filed a habeas petition on August 8, 2018, that was dismissed without prejudice on August 27, 2018.   The Sixth Circuit denied Petitioner a certificate of appealability and dismissed the appeal on January 30, 2019.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1), See *Duncan v. Walker*, 533 U.S. at 181, Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

In cases in which a stay and abeyance procedure is not employed, a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his or her original habeas petition was filed in the federal court, provided that the habeas petitioner filed his or her state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)).

Petitioner is not entitled to equitable tolling of the limitations period for the time that his first habeas petition was pending in the federal court because he waited more than 30 days following the dismissal of the first petition to file his post-conviction motion for relief from judgment in the state court and more importantly, waited over thirty days following the denial of his post-conviction appeal by the Michigan Supreme Court to file his current habeas petition. See *Palmer,* 276 F. 3d at 781-82; *See also Godbolt v. Russell,* 82 F. App'x. 447, 452 (6th Cir. 2003).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

9

Petitioner is not entitled to tolling of the limitations period; he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).  Although Petitioner claims that the DNA evidence which was recovered from one of the victims was fabricated, he offers no proof in support of his claim; Petitioner is not entitled to tolling of the limitations period because this actual innocence claim is unsupported by any evidence. *Giles v. Wolfenbarger*, 239 F. App'x. at  147-48.

More importantly, the victim whom this DNA evidence was recovered from positively identified Petitioner at trial as her assailant.  Two other victims who were sexually assaulted by Petitioner in separate incidents positively identified Petitioner as their assailant. *People v. Currington*, No. 331954, 2017 WL 3218352, at * 2 (Mich. Ct. App. July 27, 2017).   Any problems with the DNA evidence that was recovered from one victim does nothing to exonerate Petitioner of the two separate sexual assault convictions involving different victims.  In order to toll the limitations period based on actual innocence, the evidence must exonerate Petitioner of all the charges. *See e.g. Rozelle v. Secretary, Florida Department of Corrections*, 672 F.3d 1000, 1012 (11th Cir.2012)(a situation where a petitioner does not claim that he is actually innocent of all the crimes that he was convicted of is not the "usual kind" of actual innocence claim). In light of the positive identification of Petitioner as the perpetrator by three different victims arising from three separate assaults, any defects

10

with the DNA evidence are insufficient evidence of actual innocence that would toll the limitations period. *See Carter v. Klee,* 286 F. Supp. 3d 846, 853–54 (E.D. Mich. 2018)(there was insufficient evidence of petitioner's actual innocence to charges of robbery and sexual assault to warrant equitable tolling of statutory period for seeking federal habeas relief based on state's destruction of DNA evidence, where trial testimony and laboratory reports indicated that petitioner's blood type was not found on victim's panties, all three victims identified petitioner as perpetrator, and victims described perpetrator's "police" uniform and related accessories, which were recovered from victims' stolen car, petitioner's home, and petitioner himself).

### III. CONCLUSION

The Court dismisses the current petition; it was filed outside of the one year limitations period contained in § 2244(d)(1).

The Court denies Petitioner a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner

must make a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2).

When a district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claims, a certificate of appealability

should issue, and an appeal of the district court's order may be taken, if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a

valid claim of the denial of a constitutional right, and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Slack*

*v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or

that the petition should be allowed to proceed further. In such a circumstance, no

appeal would be warranted. *Id.* "The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." Rules

Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v.*

*Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court denies Petitioner a Certificate of Appealability; reasonable jurists

would not find it debatable whether this Court was correct in determining that

Petitioner did not file his habeas petition within the one year limitations period.

*Grayson,* 185 F. Supp. 2d at 753.

Although this Court denies a Certificate of Appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's dismissal of Petitioner's habeas petition, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV.  ORDER

**IT IS ORDERED** that:

(1) the Petition for Writ of Habeas Corpus is **SUMMARILY DENIED PURSUANT TO 28 U.S.C. § 2244(d).**

(2) A Certificate of Appealability is **DENIED.**

(3) Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

s/ Victoria A. Roberts
**HONORABLE VICTORIA A. ROBERTS**
Dated: 1/21/2022       **UNITED STATES DISTRICT JUDGE**