## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LARRY D. CURRINGTON,

     Petitioner,             Case No. 2:21-CV-10414

                           HONORABLE VICTORIA A. ROBERTS

v.                      UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

     Respondent.

_____/

## OPINION AND ORDER DENYING THE
## MOTION FOR RECONSIDERATION (ECF No. 26)

Larry D. Currington, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was dismissed on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). *Currington v. Rewerts*, No. 2:21-CV-10414, 2022 WL 200400 (E.D. Mich. Jan. 21, 2022).

Petitioner filed a motion for reconsideration [ECF No. 26] pursuant to Local Rule 7.1 and an Addendum in Support of Motion for Reconsideration [ECF No. 27]. For the reasons that follow, the motion is DENIED.

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021

1

WL 5782896, at * 1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing See E.D. Mich. LR

7.1(h)(1)).   Petitioner is proceeding *pro se*; the motion for reconsideration is

construed as a motion to alter or amend judgment filed under Fed. R. Civ. P. 59,

since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D.

Mich. 1999)(treating motion to alter or to amend judgment filed by a *pro se* habeas

petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision of whether to grant a motion to alter or amend judgment under

Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico

Cmty. Hosp., Inc*., 912 F. 2d 129, 132 (6th Cir. 1990).  A motion to alter or amend

judgment will generally be granted if the district court made a clear error of law, if

there is an intervening change in the controlling law, or if granting the motion will

prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804,

834 (6th Cir. 1999).  "A Rule 59 motion 'may not be used to relitigate old matters,

or to raise arguments or present evidence that could have been raised prior to the

entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th

Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486,  n. 5

(2008)(additional quotation omitted)).  In addition, a Rule 59(e) motion to alter or

amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F.

Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner argues that this Court erred in finding his petition to be time-barred. Petitioner specifically argues that he had until February 13, 2021 to file his petition with the Court, and not January 5, 2021, as this Court found.  The basis for Petitioner's argument is that he is entitled to equitable tolling for the thirty nine days he spent before Judge Gershwin A. Drain between December 17, 2020 and January 2, 2021 attempting to reinstate his first habeas petition, which was dismissed without prejudice on exhaustion grounds.  According to Petitioner, when Judge Drain denied his request to reinstate his petition on January 25, 2021, fifty seven days elapsed from when the Michigan Supreme Court denied his post-conviction appeal, leaving him eighteen additional days following the denial of his motion to reinstate his old petition, or until February 13, 2021, to file his petition in compliance with the statute of limitations.

Petitioner is not entitled to reconsideration for several reasons.

First, although the Court was aware that Petitioner filed a prior habeas petition which was dismissed without prejudice and took that prior petition into account in calculating the limitations period, this is the first time that Petitioner is arguing that he is entitled to equitable tolling of the limitations period for the time he spent attempting to get Judge Drain to reopen his old case. Petitioner cannot raise an argument which could have been raised in his reply brief to Respondent's answer or

prior to the dismissal of the case. *Brumley v. United Parcel Serv., Inc.,* 909 F.3d at 841.

Secondly, this Court in its opinion and order of summary dismissal noted that in cases which a petitioner's prior habeas petition was dismissed and not held in abeyance, the petitioner is entitled to equitable tolling of the limitations period during the time that his or her original habeas petition was filed in the federal court, if the habeas petitioner filed his or her state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *Currington v. Rewerts*, 2022 WL 200400, at * 3 (citing *Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)). This Court did not equitably tolled the limitations period for the time that Petitioner's earlier petition was pending in the federal court because he waited more than thirty days following the dismissal of the first petition by Judge Drain to file his post-conviction motion for relief from judgment in the state court and also waited over thirty days following the denial of his post-conviction appeal by the Michigan Supreme Court on October 27, 2020 to file his current habeas petition. *Id.* Even if this Court were to give Petitioner the benefit of the doubt and consider the motion for reinstatement of his earlier petition before Judge Drain as his return to the federal court, he is not entitled to tolling of the

4

limitations period under *Griffin* since his motion was filed on December 17, 2020, more than thirty days after the Michigan Supreme Court denied his post-conviction application for leave to appeal.

This Court did not err in summarily dismissing the petition for writ of habeas corpus 28 U.S.C. § 2244 (d)(1).

The Court denies the motion for reconsideration. (ECF No. 26).

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
United States District Judge

DATED: 2/28/2022

5